**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4568-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KALIF A. KEMP,

     Defendant-Appellant.

_____

Submitted January 21, 2021 – Decided March 9, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 14-04-0285.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kalif A. Kemp appeals the denial of his post-conviction relief (PCR) petition without an evidentiary hearing. He raises the single argument:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE TRIAL COUNSEL FAILED TO ENSURE THAT DEFENDANT PROVIDED A FACTUAL BASIS FOR ROBBERY AND PCR COUNSEL FAILED TO PURSUE DEFENDANT'S NOT PROVIDING A FACTUAL BASIS FOR ROBBERY, THEREBY ESTABLISHING A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS. (Not Raised Below)

Having considered this argument, the record, and the applicable law, we affirm.

On October 31, 2013, defendant entered a CVS store in Clifton, took infant formula and a nutritional shake, and tried to leave the store without paying. As he attempted to flee, he brandished a knife, and pushed and wrestled the store clerk who confronted him. A surveillance video captured the incident.

Defendant was arrested and later indicted for first-degree robbery, N.J.S.A. 2C:15-1(a)(1) and N.J.S.A. 2C:15-1(a)(2); third-degree unlawful possession of a weapon for an unlawful purpose N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2).

2

In December 2014, the State and defendant reached an agreement whereby he would plead guilty to an amended count of second-degree robbery and all other indictment counts would be dismissed. The State would recommend that defendant be sentenced to drug court probation for a term of five years, along with various related conditions, and dismissal of the remaining counts.

After defendant informed the judge that he was satisfied with his attorney, defense counsel elicited the following factual basis for the plea:

> [Defense Counsel]: All right. Now going back to October 31, 2013 did you go into the City of Clifton?
>
> The Defendant: Yes.
>
> [Defense Counsel]: And did you walk into the CVS pharmacy . . . in Clifton?
>
> The Defendant: Yes, I did.
>
> [Defense Counsel]: When you were in the pharmacy was . . . it your intention to commit a theft?
>
> The Defendant: Yes.
>
> [Defense Counsel]: And at some point[,] the personnel from the store began to stop you from leaving the store, is that correct?
> The Defendant: [Y]es.
>
> [Defense Counsel]: And at that point did you then use force to try to flee the store?
>
> The Defendant: Yes, I did.

3

[Defense Counsel]: And by force you – you know, you pulled, you struggled, you did not just surrender, is that correct?

The Defendant: Yes.

[Defense Counsel]: And you understand that that elevates a shoplifting to a robbery?

The Defendant: Yes.

[Defense Counsel]: You understand that. I have nothing further, Your Honor.

The Court: Does the State have any questions?

[Prosecutor]: Briefly. And, [defendant], the items that you intended to steal that day[,] they were cans of infant formula?

The Defendant: Yes.

[Prosecutor]: As well as a nutritional shake.

The Defendant: Yes.

[Prosecutor]: And the struggle that you described with [defense counsel,] would it be fair to just characterize that you wrestled with the store security?

The Defendant: Yes.

[Prosecutor]: And in the course of that tussle[,] you might have pushed them?

The Defendant: Yes.

4

The trial judge found that defendant pled guilty knowingly and voluntarily, while establishing an adequate factual basis.

A month later, defendant was sentenced by a different judge. An alternate plea agreement was reached calling for a seven-year prison term with an eighty-five percent parole ineligibility period, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The factual basis for the plea was repeated when the judge stated: "On October 31[, 2013,] defendant attempted to shoplift from CVS in Clifton. As a security guard attempted to stop defendant[,] he became combative and assaultive with the guard." In accordance with the agreement, defendant was sentenced to drug court and the remaining charges were dismissed.

In October 2016, defendant was removed from drug court after pleading guilty to violating probation by "elop[ing] from Eva's Halfway House for Men on January 30[] of this year and never returned." He received the alternative sentence negotiated in the plea agreement of seven years' imprisonment, subject to eighty-five percent parole ineligibility.

In April 2018, defendant filed a pro se PCR petition contending that "[t]he elements of [r]obbery were never met[.] The surveillance footage reveals only an attempted shoplifting[.]" Through assigned counsel, defendant later submitted a supplemental certification stating that his trial counsel "never

5

developed any potential defenses to the robbery charge" and that his intention was to shoplift, not commit robbery.

The PCR judge denied relief to defendant without an evidentiary hearing for reasons set forth on the record. The judge explained he found no merit in PCR counsel's oral argument that defendant "was <u>trying to just leave to get his – the diapers or baby formula back to his child</u>. And [the store clerk] escalated the situation . . . . [Defendant] was just struggling to get out of there." (emphasis added). The judge was also unpersuaded by PCR counsel's contention that trial counsel should have negotiated a better deal because defendant only committed shoplifting, not second-degree robbery. He determined that the surveillance video as well as the facts set forth in the police report, the pre-sentence report, and in defendant's plea belied defendant's PCR assertion that his offense was merely shoplifting. He also determined that defendant failed to indicate the strategy trial counsel failed to employ to successfully challenge the robbery charge.

In his appeal, defendant argues that the PCR judge erred in not affording him an evidentiary hearing to show that his trial counsel failed to ensure that he provided a factual basis for robbery during his plea allocution. While defendant's merits brief states that this issue was not raised below, no argument

is made as to why we should consider his contention in light of our general inclination to "'decline to consider questions or issues not properly presented to the trial court . . . unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" State v. Marroccelli, 448 N.J. Super. 349, 373 (App. Div. 2017) (alteration in original) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Although neither exception applies here, we address defendant's contention because arguably it was presented to and addressed by the PCR judge. Defendant's pro se petition asserted "the elements of robbery were never met[,]" which the judge rejected, finding that a second-degree robbery occurred, and defendant's plea allocution and other information established that he committed the offense.

Tuning to the merits of defendant's PCR petition, he must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting two-part Strickland test in New Jersey). There was no deficient performance by trial counsel which prejudiced defendant.

In accordance with N.J.S.A. 2C:15-1(a):

> A person is guilty of robbery if, in the course of committing a theft, he:

7

> (1) Inflicts bodily injury or uses force upon another; or
>
> (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
>
> (3) Commits or threatens immediately to commit any crime of the first or second degree.
>
> An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.

Defendant's plea allocution clearly demonstrated that he committed robbery when he admitted he took infant formula and a nutritional shake without paying, and while brandishing a knife, he used force against the store clerk to immediately flee apprehension. Furthermore, the PCR judge properly considered the police report, the presentence report, and the surveillance video in determining defendant's guilty plea was sufficient. See State v. Mitchell, 126 N.J. 565, 581-82 (1992) (holding that to determine if an adequate factual basis for a plea was provided, "the court may consider a wide range of information sources, including all testimony at the plea and sentencing hearings, the presentence report, as well as other sources unique to a particular case").

The PCR judge did not abuse his discretion in not conducting an evidentiary hearing. There were no disputed facts regarding entitlement to PCR

that could not be resolved based on the existing record, State v. Porter, 216 N.J. 343, 354 (2013), and defendant failed to set forth a prima facie case of ineffective assistance of counsel, State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4568-18